Slip Op. 10-76

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF GmbH, and SKF INDUSTRIE S.p.A., <br><br>              Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>              Defendant,<br><br>    and<br><br>THE TIMKEN COMPANY,<br><br>              Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 08-00322 |

## OPINION

[Affirming a redetermination of the final results of an antidumping administrative review in which the United States Department of Commerce recalculated the constructed value of merchandise obtained from an unaffiliated supplier]

Dated: July 7, 2010

    *Steptoe & Johnson LLP* (*Herbert C. Shelley*, *Alice A. Kipel*, and *Laura R. Ardito*) for plaintiffs.

    *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Joanna V. Theiss* and *Brian R. Soiset*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

    *Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge: The court has reviewed the Results of Redetermination Pursuant to Court Remand ("Remand Redetermination") filed by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") on March 16, 2010. Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France S.A.S., SKF GmbH ("SKF Germany" or "SKF GmbH"), and SKF Industrie S.p.A. (collectively, "SKF" or "plaintiffs") brought this action to contest a final determination that Commerce issued in the eighteenth administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom (the "Final Results"). *See Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*"). The court concluded that the Department acted contrary to law in drawing an inference adverse to SKF GmbH and ordered the Department to redetermine the constructed value of SKF GmbH's merchandise without using an adverse inference. *SKF USA Inc. v. United States*, 33 CIT __, __, 675 F. Supp. 2d 1264, 1278 (2009).

In *SKF*, the court determined that the Department acted lawfully in requesting cost of production ("COP") data from an unaffiliated supplier of SKF GmbH. *Id.* at __, 675 F. Supp. 2d at 1269-72. The court further held that the Department acted within its authority in rejecting the untimely submission of the COP data by the unaffiliated supplier and that Commerce was authorized to use "facts otherwise available" to determine constructed value for the subject bearings. *Id.* at __, 675 F. Supp. 2d at 1272-74. However, in calculating the 4.15% antidumping duty rate assigned to SKF GmbH in the Final Results, Commerce, invoking facts otherwise available and an adverse inference pursuant to 19 U.S.C. § 1677e (2006), applied a rate of

**Court No. 08-00322** Page 3

17.66% to the sales of subject merchandise that SKF GmbH purchased from the unaffiliated supplier because the requested COP information pertaining to that supplier was not timely submitted to Commerce during the review. *Id.* at __, 675 F. Supp. 2d at 1268.  The court concluded that the Department acted contrary to law in drawing an inference adverse to SKF GmbH upon the failure of the unaffiliated supplier to make a timely submission of the requested COP data because Commerce made no "finding that SKF GmbH or any other of the plaintiffs failed to respond to the best of its ability" as required by 19 U.S.C. § 1677e(b).  *Id.* at __, 675 F. Supp. 2d at 1274.

The court directed the Department to "recalculate SKF GmbH's margin after redetermining the constructed value of the subject merchandise SKF GmbH obtained from the unaffiliated supplier" using "available record evidence, without using an inference adverse to SKF GmbH."  *Id.* at __, 675 F. Supp. 2d at 1278.  The court noted that

> [o]n the record as it stood at the time Commerce rejected the untimely-submitted COP data, the record information and "facts otherwise available" included the record data pertaining to the acquisition costs incurred by SKF GmbH, a source of information that Commerce had determined was reasonable and appropriate for determining constructed value in numerous previous reviews of the antidumping duty order.

*Id.* at __, 675 F. Supp. 2d at 1277-78.  The court stated that

> Commerce also had discretion to readmit to the record, and consider using as facts otherwise available, the previously-rejected COP data, which arrived only three business days late, a delay that was so short that it must be presumed to be immaterial to the timely completion of the review.  Both the COP data and the acquisition cost data had the virtue of bearing a probative relationship to the subject merchandise Commerce was attempting to value.

*Id*. at __, 675 F. Supp. 2d at 1278.

**Court No. 08-00322**                                                                                                    **Page 4**

In the Remand Redetermination, Commerce determined that "[b]ecause SKF Germany's acquisition cost is the only cost information on the record, pursuant to the Court's instructions we have recalculated the dumping margin for SKF Germany using the acquisition costs it reported for the period of review." Remand Redetermination 2. As a result, the weighted-average dumping margin for SKF GmbH for the period May 1, 2006 through April 30, 2007 decreased from 4.15% to 1.97%. *Id*. at 3. Commerce did not use information adverse to SKF GmbH to recalculate the constructed value for the subject bearings, in accordance with the court's order. *Id.* at 2-3*; see SKF,* 33 CIT at __, 675 F. Supp. 2d at 1278, 1286.

The court allowed plaintiffs and defendant-intervenor thirty days from the submission of Commerce's remand redetermination in which to file with the court comments on the Remand Redetermination. *SKF*, 33 CIT at __, 675 F. Supp. 2d at 1286. Neither the plaintiffs nor defendant-intervenor filed comments. Remand Redetermination 1. Moreover, plaintiffs and defendant-intervenor filed letters with the court declaring they have no intention of filing such comments*. See Letter from Steptoe & Johnson LLP to U.S. Ct. of Int'l Trade* (Apr. 15, 2010); *Letter from Stewart & Stewart to U.S. Ct. of Int'l Trade* (Apr. 21, 2010). Under these circumstances, the court reasonably may infer that the parties concur in the Remand Redetermination. *See Wuhan Bee Healthy Co. v. United States*, 32 CIT__, __, Slip Op. 08-61, at 12 (May 29, 2008) ("Under such circumstances, Commerce 'may well be entitled to assume that the silent party has decided, on reflection, that it concurs in the agency's [remand results],' and the court will uphold the parties' concurrence." (quoting *AL Tech Specialty Steel Corp. v. United States*, 29 CIT 276, 285, 366 F. Supp. 2d 1236, 1245 (2005))). The court therefore will affirm the Remand Redetermination on the assumed concurrence of the parties.

**Court No. 08-00322**                                                                                                             **Page 5**

      In addition, the court will grant declaratory relief on plaintiffs' claim challenging the policy, rule, or practice of the Department to issue liquidation instructions fifteen days after the publication of the final results of an administrative review (the "fifteen-day policy").  *SKF*, 33 CIT at __, 675 F. Supp. 2d at 1286.  For the reasons stated in *SKF*, 33 CIT at __, 675 F. Supp. 2d at 1280-85, the court will enter a declaratory judgment that the Department's fifteen-day policy is contrary to law.

                                                                /s/ Timothy C. Stanceu
                                                                Timothy C. Stanceu
                                                                Judge

Dated: July 7, 2010
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF GmbH, and SKF INDUSTRIE S.p.A.**, <br><br>                Plaintiffs, <br><br> v. <br><br> **UNITED STATES**, <br><br>                Defendant, <br><br> and <br><br> **THE TIMKEN COMPANY**, <br><br>                Defendant-Intervenor. | Before:  Timothy C. Stanceu, Judge <br><br> Court No. 08-00322 |

**JUDGMENT**

Upon review of plaintiffs' complaint, plaintiffs' motion for judgment upon the agency record, defendant's and defendant-intervenor's responses thereto, the determination in *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Administrative Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*") issued by the International Trade Administration, United States Department of Commerce ("Commerce"), the Results of Redetermination Pursuant to Court Remand filed with the court on March 16, 2010 ("Remand Redetermination"), and all other filings and proceedings herein, after due deliberation, and in conformity with *SKF USA Inc. v. United States*, 33 CIT __, __, 675 F. Supp. 2d 1264, 1278 (2009), and the Opinion issued this date, it is hereby

**ORDERED** that the Remand Redetermination be, and hereby is, affirmed; it is further

**ORDERED** that Commerce's policy, rule, or practice of issuing liquidation instructions fifteen days after publication of final results of an administrative review, to which policy, rule, or practice reference was made in the Federal Register notice announcing the *Final Results*, 73 Fed. Reg. at 52,825, be, and hereby is, declared to be contrary to law; and it is further

**ORDERED** that the entries at issue in this action and subject to the *Final Results* be liquidated in accordance with the final court decision in this action.

         /s/ Timothy C. Stanceu
         Timothy C. Stanceu
         Judge

Dated: July 7, 2010
New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                      Deputy Clerk